## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

DAVID SEAMAN,

    Plaintiff,

v.

Civil Action No. 3:18-cv-401

IAC/INTERACTIVECORP, INC.,
et al.,

    Defendants.

### MEMORANDUM OPINION

This matter is before the Court on the MOTION TO DISMISS BY
DEFENDANTS IAC/INTERACTIVECORP AND THE DAILY BEAST COMPANY LLC FOR
IMPROPER VENUE AND FAILURE TO STATE A CLAIM (ECF No. 13) and the
DEFENDANTS' MOTION TO TRANSFER VENUE (ECF No. 21). For the
following reasons, the Court will grant DEFENDANTS' MOTION TO
TRANSFER VENUE (ECF No. 21) and the case will be transferred to
the United States District Court for the Southern District of New
York ("SDNY"). The Court will deny the MOTION TO DISMISS BY
DEFENDANTS IAC/INTERACTIVECORP AND THE DAILY BEAST COMPANY LLC FOR
IMPROPER VENUE AND FAILURE TO STATE A CLAIM (ECF No. 13) as it
pertains to improper venue as moot, and leave consideration of the
MOTION TO DISMISS BY DEFENDANTS IAC/INTERACTIVECORP AND THE DAILY
BEAST COMPANY LLC FOR IMPROPER VENUE AND FAILURE TO STATE A CLAIM
(ECF No. 13) as it pertains to failure to state a claim to the
SDNY.

**BACKGROUND**

David Seaman ("Seaman") filed this action against IAC/InterActiveCorp, Inc. ("IAC") and The Daily Beast Company, LLC ("Daily Beast") (hereinafter referred to as "the Defendants") alleging defamation per se (Count I), insulting words (Count II), unauthorized use of name and picture in violation of Va. Code § 8.01-40 (Count III), and permanent injunction (Count IV).[1] See generally Compl. (ECF No. 1); id. ¶¶ 23-43. Seaman's claims arise out of an article published by the Daily Beast on March 24, 2017.

**I.   Factual Background**

IAC is a public "e-commerce media company" incorporated in Delaware with its principal place of business in New York.[2] Id. ¶ 2. The Daily Beast, an online news and entertainment source, is a limited liability company organized under Delaware law with "headquarters" in New York, West Hollywood, the District of

---

[1] Originally, Seaman also sued Jennings Brown ("Brown"), a citizen of New York, and the author of the article in question. Compl. ¶ 4. However, on December 28, 2018, Seaman voluntarily filed a NOTICE OF DISMISSAL OF CLAIMS AGAINST DEFENDANT, JENNINGS BROWN, ONLY (ECF No. 18). All claims against Brown were dismissed without prejudice.

[2] Seaman alleges that IAC is "certified and registered to transact business in Virginia," "derives substantial revenues from the business it transacts in Virginia," and "maintains a registered agent in Glen Allen, Virginia." Compl. ¶ 2. IAC does not deny these allegations.

2

Columbia, and Chicago. Id. ¶ 3. "IAC is the sole member of the Daily Beast." Id.

Seaman is a 32-year-old resident of the District of Columbia. Id. ¶ 1. He alleges that he is a "journalist, investigative reporter, researcher, pundit, author and publisher" who "has reported on matters of great public concern, including #pedogate[3] - child sex trafficking, ritualistic murder, torture, kidnapping, rape, child sex slavery, and the global network of child sex traffickers and pedophile rings for rich and powerful people in the elite ruling classes, Hollywood and the entertainment industry." Id. Because of his reporting, he alleges that he has been censored by online entities such as YouTube and "attacked by left-wing media giants, such as IAC/Daily Beast." Id.

Seaman's claims against the Defendants arise out of an article written by Jennings Brown and published in the Daily Beast on March 24, 2017. Id. ¶ 11; ECF No. 14, Ex. A (article). That article, titled "The Self-Proclaimed 'Publicity Whore' and Fired Jezebel Intern Running Point on Pizzagate," allegedly contained false and defamatory statements about Seaman and his role in Pizzagate/Pedogate. Compl. ¶¶ 11-12. Seaman characterizes the article as a "hit piece" against him, id. ¶ 16, and alleges that it was shared and republished by the Daily Beast and others on the

---

[3] "Pedogate" is also referred to as "Pizzagate." See, e.g., Compl. ¶ 9, 12.

3

Internet. Id. ¶¶ 13-18. The "sole purpose" of the article, Seaman alleges, "was to further Defendants' predetermined agenda: to protect the Clintons, John Podesta, Tony Podesta and others suspected of child sex trafficking and pedophilia, to discredit David, and to distract from the important mission of investigating and exposing #pedogate." Id. ¶ 20.

Seaman alleges that IAC and the Daily Beast are subject to both general and specific personal jurisdiction in Virginia. Id. ¶ 7. The Defendants do not deny that they are subject to personal jurisdiction in Virginia.

## II. Procedural Background

In June 2018, Seaman filed the COMPLAINT against the Defendants (and against Jennings Brown), asserting defamation per se, insulting words, unauthorized use of name and picture in violation of Va. Code § 8.01-40, and permanent injunction. See Compl. ¶¶ 23-43 (ECF No. 1). Thereafter, the Defendants filed the MOTION TO DISMISS BY DEFENDANTS IAC/INTERACTIVECORP AND THE DAILY BEAST COMPANY LLC FOR IMPROPER VENUE AND FAILURE TO STATE A CLAIM (ECF No. 13). On the same day that he filed his MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS (ECF No. 19), Seaman also filed his NOTICE OF DISMISSAL OF CLAIMS AGAINST DEFENDANT, JENNINGS BROWN, ONLY (ECF No. 18).

Because Seaman's dismissal of Brown appeared to correct the venue issue, see ECF No. 20 at 2, the Defendants then filed

4

DEFENDANTS' MOTION TO TRANSFER VENUE (ECF No. 21) in which they seek a transfer to the United States District Court for the Southern District of New York ("SDNY"). ECF No. 21 at 1. Seaman opposes both motions. See generally ECF Nos. 19, 23.

Both motions have been fully briefed and the matter is ripe for decision.

## DISCUSSION

For the reasons set forth below, the Court concludes that this case has insufficient connection to Virginia or the Eastern District of Virginia ("EDVA") to warrant continuation of the action here, and that it is appropriate to transfer the case to the SDNY. Accordingly, the DEFENDANT'S MOTION TO TRANSFER VENUE (ECF No. 21) will be granted. Further, as set forth below, the MOTION TO DISMISS BY DEFENDANTS IAC/INTERACTIVECORP AND THE DAILY BEAST COMPANY LLC FOR IMPROPER VENUE AND FAILURE TO STATE A CLAIM (ECF No. 13) will be denied, as moot, insofar as it seeks dismissal for lack of proper venue. The challenge to the Complaint under Fed. R. Civ. P. 12(b)(6) should be decided by the transferee court.

**I. MOTION TO DISMISS BY DEFENDANTS IAC/INTERACTIVECORP AND THE DAILY BEAST COMPANY LLC FOR IMPROPER VENUE AND FAILURE TO STATE A CLAIM (ECF NO. 13)**

Before proceeding to the DEFENDANTS' MOTION TO TRANSFER VENUE (ECF No. 21), the Court briefly addresses the MOTION TO DISMISS BY DEFENDANTS IAC/INTERACTIVECORP AND THE DAILY BEAST COMPANY LLC FOR IMPROPER VENUE AND FAILURE TO STATE A CLAIM (ECF No. 13). In that

motion, the Defendants argue that venue is improper in this district because: (1) "not all defendants reside in Virginia"; (2) a "substantial part of the events or omissions giving rise to the claim" did not occur in the Eastern District of Virginia or Richmond division; and (3) the catch-all venue provision does not apply because venue is proper elsewhere. ECF No. 14 at 9-10; 28 U.S.C. § 1391(b)(1)-(3).

The Complaint, as originally filed, presented a serious question as to whether the EDVA is a proper venue for Seaman's action. In the face of the Defendants' arguments, Seaman dismissed Jennings Brown as a defendant in the action. See ECF No. 18. Now, as both parties agree, venue in this district is proper under 28 U.S.C. § 1391(b)(1) because both IAC and the Daily Beast "reside" in Virginia. Entities "with the capacity to sue and be sued in [their] common name[s] under applicable law, whether or not incorporated. . .reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2). IAC and the Daily Beast have not raised a personal jurisdiction challenge,[4] see ECF No. 24 at 5 n.5 (noting

---

[4] Under Fed. R. Civ. P. 12(h)(1), a personal jurisdiction defense is waived if not properly raised by, inter alia, a proper motion or responsive pleading. Such a defense has not been raised by the Defendants.

6

that they did not raise personal jurisdiction to avoid "inevitable jurisdictional discovery"), and concede that venue is now proper under § 1391(b)(1). See ECF No. 20 at 1-2 ("Seaman has now dismissed Brown. . .to come within 28 U.S.C. § 1391(b)(1).").

Accordingly, the MOTION TO DISMISS BY DEFENDANTS IAC/INTERACTIVECORP AND THE DAILY BEAST COMPANY LLC FOR IMPROPER VENUE AND FAILURE TO STATE A CLAIM (ECF No. 13) will be denied insofar as it pertains to improper venue.

And because, as set forth below, the case must be transferred, it is appropriate that this Court not consider the Defendants' request for dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. See U.S.A. ex rel. Advance Concrete, LLC v. T.H.R. Enterprises, Inc., No. 2:15cv477, 2016 WL 3002408, *5 (E.D. Va. May 19, 2016) ("[B]ecause the Court has ordered this case transferred, it declines to rule on the Defendants' Rule 12(b)(6) Motions to Dismiss, as the transferee court is the more appropriate forum to address those Motions.").

## II. Transfer Under 28 U.S.C. § 1404(a) Is Warranted

In the DEFENDANT'S MOTION TO TRANSFER VENUE (ECF No. 21) under 28 U.S.C. § 1404, the Defendants move to transfer this case to the SDNY. Their motion is well-taken and, therefore, the case will be transferred.

7

## A. Legal Framework For Transfers Under § 1404(a)

28 U.S.C. § 1404(a), which permits the transfer of civil actions, provides that:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

In analyzing a motion seeking transfer under Section 1404, it is necessary to decide: "(1) whether the claims might have been brought in the transferee forum, and (2) whether the interest of justice and convenience of the parties and witnesses justify transfer to that forum." Hengle v. Curry, No. 3:18-cv-100, 2018 WL 3016289, *5 (E.D. Va. June 15, 2018) (quoting Koh v. Microtek Int'l, Inc., 250 F. Supp. 2d 627, 630 (E.D. Va. 2003)); see also Fitzgibbon v. Radack, No. 3:18-cv-247, 2019 WL 470905, *2 (E.D. Va. Feb. 6, 2019).

The first part of the test requires the movant to "establish that both venue and jurisdiction with respect to each defendant is proper in the transferee district." Hengle, 2018 WL 3016289 at *5. The second part of the test requires the consideration of several factors, which are: "(1) the weight accorded to plaintiff's choice of venue; (2) witness convenience and access; (3) convenience of the parties; and (4) the interest of justice." Trs. of the Plumbers

8

& Pipefitters Nat. Pension Fund v. Plumbing Servs., Inc., 791 F.3d
436, 444 (4th Cir. 2015); Fitzgibbon, 2019 WL 470905 at *2.[5]

A district court has discretion to decide motions to transfer
according to an "individualized, case-by-case consideration of
convenience and fairness." Stewart Org., Inc. v. Ricoh Corp., 487
U.S. 22, 29 (quoting Van Dusen v. Barrack, 376 U.S. 612, 622
(1964)); Fitzgibbon, 2019 WL 470905 at *2; One Beacon Ins. Co. v.
JNB Storage Trailer Rental Corp., 312 F. Supp. 2d 824, 828 (E.D.
Va. 2004) (the decision to transfer is "committed to the sound
discretion of the district court"). The moving party, here the
Defendants, have the burden of showing that transfer is proper.
Byerson, 467 F. Supp. 2d at 631. In fact, the Defendants must show
that the balance of convenience among the parties and witnesses
"is beyond dead center, and strongly favors the transfer sought."
Medicenters of America, Inc. v. T & V Realty & Equip. Corp., 371
F. Supp. 1180, 1184 (E.D. Va. 1974).

The relevant factors will be considered in turn.

---

[5] Other cases have framed the factors to be considered slightly
differently. For example, in Byerson v. Equifax Info. Servs., LLC,
467 F. Supp. 2d 627, 631 (E.D. Va. 2006) (citation omitted), the
Court "consider[ed] and balance[d] several factors," including:
"(1) ease of access to sources of proof; (2) the convenience of
the parties and witnesses; (3) the cost of obtaining the attendance
of witnesses; (4) the availability of compulsory processes; (5)
the interest in having local controversies decided at home; (6) in
diversity cases, the court's familiarity with the applicable law;
and (7) the interest of justice." The Court will rely on the Fourth
Circuit's more streamlined factor test here.

9

## B. Seaman Could Have Brought This Action In The Southern District Of New York

The first inquiry is whether the transferee forum—the SDNY—has jurisdiction over this action and whether it is a proper venue. See Hengle, 2018 WL 3016289 at *5. Seaman concedes that he could have brought this case in the SDNY.[6] Seaman's concession is wise. Jurisdiction—both subject matter and personal—exists over the Defendants in the SDNY. Subject matter jurisdiction exists pursuant to 28 U.S.C. § 1332 because Seaman and the Defendants are citizens of different states and the amount in controversy exceeds $75,000. See Compl. ¶¶ 1-3, 5 (ECF No. 1). Personal jurisdiction exists over the Defendants because each has its principal place of business in New York. Id. ¶¶ 2-3; ECF No. 22 at 4; Daimler AG v. Bauman, 571 U.S. 117, 137 (2014) (citation omitted) (alteration in original) ("With respect to a corporation, the place of incorporation and principal place of business are paradig[m]. . .bases for general jurisdiction."). Accordingly, the SDNY would have jurisdiction over these Defendants.

The SDNY is also a proper venue for this action. See 28 U.S.C. § 1391. Venue is proper under Section 1391(b)(1) because the Defendants both "reside" in New York because they are subject to personal jurisdiction there. Venue is also proper in the SDNY

---

[6] See ECF No. 23 at 2 n.2 ("This action also could have been brought in the District Court for the Southern District of New York, where Defendants are subject to personal jurisdiction.").

10

under Section 1391(b)(2) because "a substantial part of the events or omissions giving rise to the claim occurred." To wit, the "reporting, writing, editing and publication of the Article" at issue occurred in the SDNY. ECF No. 22 at 5.

Because jurisdiction and venue would both be proper in the SDNY, Seaman could have brought this case there, thus satisfying the first inquiry required for transfer.

## C. The 1404(a) Factors Weigh In Favor Of Transfer

As outlined above, the factors to be considered for a Section 1404(a) transfer motion are: "(1) the weight accorded to plaintiff's choice of venue; (2) witness convenience and access; (3) convenience of the parties; and (4) the interest of justice." Trs. of the Plumbers & Pipefitters Nat. Pension Fund, 791 F.3d at 444; Fitzgibbon, 2019 WL 470905 at *2. These factors strongly support transfer to the SDNY.

### 1. Seaman's Choice Of Forum

"As a general rule, a plaintiff's 'choice of venue is entitled to substantial weight in determining whether transfer is appropriate.'" Trs. of the Plumbers & Pipefitters Nat. Pension Fund, 791 F.3d at 444 (quoting Bd. of Trs. v. Sullivant Ave. Props., LLC, 508 F. Supp. 2d 473, 477 (E.D. Va. 2007)); Fitzgibbon, 2019 WL 470905 at *3. But, if the plaintiff's choice of forum is neither the nucleus of operative facts nor the plaintiff's home forum, the plaintiff's choice is accorded less weight. See

11

Intranexus, Inc. v. Siemens Med. Sols. Health Servs. Corp., 227 F. Supp. 2d 581, 583 (E.D. Va. 2002). Even then, the choice of forum is relevant if there is a connection between the forum and the plaintiff's claim that logically supports the plaintiff's decision to bring the case in the chosen forum. See Mullins v. Equifax Info. Servs., LLC, No. 3:05-cv-888, 2006 WL 1214024, *5 (E.D. Va. April 28, 2006).

Seaman argues that he "chose Virginia because he suffered damage to his reputation" there. ECF No. 23 at 6. His choice of venue is entitled to "great deference," he argues, because the "Daily Beast published an online article that it knew or should have known would be read by its subscribers and followers in Virginia." Id.

However, Seaman is in error when he argues that his choice of forum is entitled to "great deference" in this case. First, it is uncontroverted that the EDVA is not Seaman's home forum (that is the District of Columbia). See, e.g. Compl. ¶ 1 (ECF No. 1); ECF No. 23 at 6. Second, the offending act at issue—the publication of the article—did not occur in Virginia. See, e.g., Hengle, 2018 WL 3016289 at *9; Koh, 250 F. Supp. 2d at 635; Intranexus, 227 F. Supp. 2d at 583. The article at issue was researched, written, and published in New York. Its subject matter has nothing to do with Virginia.

12

It is true that the article could have been accessed on the
Internet in Virginia and that IAC has a registered agent in the
Commonwealth.[7] See ECF No. 24 at 4. It is also true that some of
the alleged reputational injury occurred in Virginia.  However,
those tethers to Virginia are insufficient to warrant according
Seaman's choice of forum any significant preference.

The first alleged connection (Internet access) has no
limiting principle when it comes to online publications.  If
accepted, that notion would mean that, in similar cases involving
online publications, a plaintiff's choice of forum would be given
significant weight in virtually any judicial district because the
Internet is everywhere.  And, having a registered agent in
Virginia, without more, is insufficient to connect this action to
the EDVA. See GTE Wireless, Inc. v. Qualcomm, Inc., 71 F. Supp. 2d
517, 519 (E.D. Va. 1999) (holding that, even though a defendant
was "registered to conduct business in Virginia," the plaintiff's
choice of forum was not entitled to dispositive deference).

Simply put, the EDVA is not Seaman's home forum and there is
no logical connection between the events in this case and this
district. Thus, Seaman's choice of forum is entitled only to slight

---

[7] Further, although Seaman's counsel has offices in Virginia,
"convenience to counsel is not an appropriate consideration in
resolving a motion to transfer venue." Koh, 250 F. Supp. 2d at
635; Acterna, L.L.C. v. Adtech, Inc., 129 F. Supp. 2d 936, 939
(E.D. Va. 2001) (same).

13

deference. And, on the facts of this case, the SDNY is a more appropriate venue because the article at issue was written there, the Defendants reside there, and the witnesses, for the most part, are located there.

## 2. Convenience of the Witnesses

The convenience of witnesses is of considerable importance when considering a transfer, especially the convenience of non-party witnesses, whose location should be afforded greater weight in deciding a motion to transfer venue. See Fitzgibbon, 2019 WL 470905 at *4; Hengle, 2018 WL 3016289 at *10; Koh, 250 F. Supp. 2d at 636-37. The party asserting witness inconvenience must offer sufficient details respecting the witnesses and their potential testimony, "by affidavit or otherwise," to enable the Court to assess the materiality of evidence and the degree of inconvenience. Koh, 250 F. Supp. 2d at 636 (emphasis added). In other words, "the influence of this factor cannot be assessed in the absence of reliable information identifying the witnesses involved and specifically describing their testimony." Bd. of Trs., Sheet Metal Workers Nat. Fund v. Baylor Heating & Air Conditioning, Inc., 702 F. Supp. 1253, 1258 (E.D. Va. 1988) (footnote omitted). To satisfy their burden that a forum is inconvenient for witnesses, the Defendants must provide particularized information of a witness's potential testimony, how that testimony is material and non-cumulative, or the degree to which it will be inconvenient to

14

access that testimony in this district. See Koh, 250 F. Supp. 2d at 636.

The Defendants argue that witness convenience "weigh[s] overwhelmingly in favor of transfer." ECF No. 22 at 6. That is so, say the Defendants, because Jennings Brown, a non-party who lives in New York, is likely to be the key witness in Seaman's case because the article he wrote is the source of Seaman's legal claims. Id. Under Fed. R. Civ. P. 45, Brown cannot be subpoenaed to attend trial in this Court because he lives more than 100 miles from Virginia. See Fed. R. Civ. P. 45(c)(1); ECF No. 22 at 6. Defendants also argue that other non-party witnesses, such as "current or former employees of Jezebel and The Huffington Post, two New York-based publications, who can testify regarding Seaman's claims about his termination from each publication," are located in New York. ECF No. 22 at 7. Seaman responds by arguing that the Defendants have not sufficiently shown what the identified witnesses would testify about or that recorded testimony would be insufficient. See ECF No. 23 at 8-9. And, Seaman is correct. The Defendants here (as is all too often true) have not specified what testimony the identified witnesses have to offer or why recorded testimony would not suffice.

All too often lawyers seem to think that their burden on this facet of the test can be carried by reciting the number and location of witnesses. Counsel here made the same misjudgment.

15

Often, that lapse is fatal to a transfer motion. Here, it is not because, even though the Defendants have not submitted an affidavit about the subject of each witnesses' testimony, it is a fairly elementary proposition that the author of an allegedly defamatory article (Brown) is a key witness about the writing of the article, the research he did, and the claims he asserts in the article. See Koh, 250 F. Supp. 2d at 636 (describing that witness testimony can be offered "by affidavit or otherwise"). The Court credits the Defendants' assertion that Brown will be a key witness and finds that Seaman has provided no evidence of any witnesses or evidence located in this District. Nor has Seaman disputed that the other non-party witnesses are in the SDNY. Thus, on this record, and even considering that the Defendants have not fully lived up to their obligations, this factor slightly favors transfer.

### 3. Convenience of the Parties

The third factor is the convenience to the parties in litigating in either venue. See Fitzgibbon, 2019 WL 470905 at *3; Koh, 250 F. Supp. 2d at 638-39. The Defendants, as movants, must show (1) that the original forum is inconvenient for them and (2) that Seaman will not be substantially inconvenienced by the transfer. Fitzgibbon, 2019 WL 470905 at *3; Koh, 250 F. Supp. 2d at 636. The residence of the parties is a consideration in this assessment, but "residence is not a controlling factor and may be outweighed in the context of a particular case by countervailing

16

considerations relevant to the convenience of the witnesses and the interest of justice." 15 Fed. Prac. & Proc. Juris. § 3849 (4th ed.).

Because the Defendants reside in New York and Seaman resides in the District of Columbia, the Defendants concede that Seaman "might be mildly inconvenienced by having to travel to New York for hearings and/or trial" and that "this factor at most does not weigh strongly in either direction." ECF No. 22 at 7. Seaman argues that, at most, transfer to New York just shifts the balance of inconvenience to him. ECF No. 23 at 7.

The Court concludes that this factor supports transfer. First, whether the case is in this Court or the SDNY, Seaman will be inconvenienced because he does not live in Richmond (or anywhere in Virginia). It is true that the distance between the District of Columbia and New York is greater than the distance from the District of Columbia to Richmond. But, Seaman has not identified any reason why he would not or could not travel to New York. See StrikeForce Techs., Inc. v. SecureAuth Corp., No. 1:17-cv-307, 2017 WL 8809781, *2 (E.D. Va. June 9, 2017) ("Plaintiff is not located in either [the transferee forum] or the EDVA. Accordingly, Plaintiff will likely be flying to the forum regardless of whether that forum is the EDVA or California."). Second, the case that Seaman cites for his argument that transfer merely "shift[s] the balance of inconvenience" to him, VS Techs., LLC v. Twitter, Inc.,

17

No. 2:11-cv-43, 2011 WL 11074291, *7 (E.D. Va. June 28, 2011), does not support him on the facts in this case. In VS Techs., one of the key agents of the plaintiff, VS Technologies, was "located in the Eastern District of Virginia." Id. No similar connection to Virginia or the EDVA exists in this case.

Lastly, while the SDNY will require some additional travel for Seaman, it will be significantly more convenient for the Defendants, their witnesses, and the production of evidence. See Baylor Heating, 702 F. Supp. at 1259. When a "plaintiff chooses a forum away from home," then "plaintiff's venue choice is given less weight and if the venue substantially inconveniences defendants, transfer may be ordered." Id. Because Virginia is not Seaman's home forum, he has not identified any reason why he cannot travel to New York or how he would be inconvenienced, and the SDNY will be significantly more convenient for the Defendants, this factor supports transfer.

## 4. The Interest of Justice

The last factor for the Court to consider is "the interest of justice," which encompasses public interest factors aimed at "systemic integrity and fairness." Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 30 (1988). Judicial economy and the avoidance of inconsistent judgments are prominent among the principal elements of systemic integrity. See Fitzgibbon, 2019 WL 470905 at *4; U.S. Ship Mgmt., Inc. v. Marsk Line, Ltd., 357 F. Supp. 2d

18

924, 937-38 (E.D. Va. 2005). Other factors include "the pendency of a related action, the court's familiarity with the applicable law, docket conditions, access to premises that might have to be viewed, the possibility of unfair trial, the ability to join other parties, and the possibility of harassment." Koh, 250 F. Supp. 2d at 639. Systematic integrity "must also. . .take account of a party's attempt to game the federal courts through forum manipulation." Hengle, 2018 WL 3016289 at *11 (internal quotation omitted).

The parties seem to agree that New York substantive law will apply in this case. However, it appears as if the substantive law of Virginia and New York are essentially the same on the three claims made by Seaman. Therefore, familiarity with the substantive law has little relevance in assessing the interest of justice factor in this case. And, the other factors mentioned in Koh are not significantly implicated in this case.

It is true that, because of docket conditions, the case likely will be resolved more promptly here than in the SDNY. However, the docket conditions here and in the SDNY are not drastically different. Thus, the differences in docket conditions between the SDNY and the EDVA are "minor consideration[s]" that "receive little weight if all other reasonable and logical factors result in a transfer of venue." Koh, 250 F. Supp. 2d at 639. The other "reasonable and logical factors" support transfer in this case.

19

Lastly, the Court has significant concerns about forum shopping. And, as was explained in Phillips v. Uber Techs., Inc., No. 3;15-cv-544, 2016 WL 165024, *3 (E.D. Va. Jan. 13, 2016):

> As noted by the EDVA many times over, "[t]his Court cannot stand as a willing repository for cases which have no real nexus to this district." Cognitronics Imaging Sys., Inc. v. Recognition Research Inc., 83 F. Supp. 2d 689, 699 (E.D. Va. 2000). "The 'rocket docket' certainly attracts plaintiff's, but the Court must ensure that this attraction does not dull the ability of the Court to continue to act in an expeditious manner." Id.

Given that this case is only slightly tethered to this district, Seaman's docket conditions arguments do not carry the day. That is especially so given that the other factors, taken as a whole, militate toward transfer.[8]

## CONCLUSION

For the reasons set forth above, the Defendants have satisfied their burden to demonstrate that a Section 1404 transfer is warranted. Accordingly, the DEFENDANTS' MOTION TO TRANSFER VENUE (ECF No. 21) will be granted and the case will be transferred to the Southern District of New York. It will be up to that Court to decide the MOTION TO DISMISS BY DEFENDANTS IAC/INTERACTIVECORP

---

[8] The Court notes that counsel for Seaman has brought at least two quite similar cases in this District that were subsequently transferred to different venues because the events at issue had few, if any, ties to Virginia. See Phillips, 2016 WL 165024 (transfer to SDNY); Falls v. Katmai Support Servs., No. 3:14cv315, 2014 WL 6900916 (E.D. Va. Dec. 5, 2014) (transfer to District of Alaska).

AND THE DAILY BEAST COMPANY LLC FOR IMPROPER VENUE AND FAILURE TO STATE A CLAIM (ECF No. 13) as it pertains to failure to state a claim. The MOTION TO DISMISS BY DEFENDANTS IAC/INTERACTIVECORP AND THE DAILY BEAST COMPANY LLC FOR IMPROPER VENUE AND FAILURE TO STATE A CLAIM (ECF No. 13) as it pertains to improper venue will be denied as moot.

The Court dispenses with oral argument because the facts and legal conclusions are adequately presented in the materials and oral argument would not aid in the decisional process.

It is so ORDERED.

_____/s/___ _REV_____

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: April _3_, 2019

21